## State Board of Tax Appeals.

**CONSISTORY OF THE CONGREGATION OF PARAMUS, PETITIONER, v. TOWNSHIP OF RIDGEWOOD, RESPONDENT.**

Decided March 24, 1942.

For the petitioner, *J. W. & E. A. DeYoe.*

For the respondent, *Thomas L. Zimmerman.*

QUINN, President. Petitioner, a religious institution, owns a tract of land in the respondent taxing district, divided by State Highway No. 2. The highway runs north and south, and on its westerly side, petitioner's property consists of a thirty-five acre tract, which for many years has been devoted to cemetery uses, being known as Valleau Cemetery. To the east of the highway, petitioner's property is a seven acre tract which has never been used as a cemetery. Upon this tract is situated petitioner's parsonage and a building occupied as a dwelling by the superintendent of the cemetery and also serving as an office for the keeping of its records. It is this latter building which is the subject of the present appeal, respondent having assessed it for taxation for the year 1940, and petitioner maintaining that it is exempt, within *R. S.* 54:4-3.9; *N. J. S. A.* 54:4-3.9, exempting from taxation "cemeteries and buildings for cemetery use erected thereon." An appeal for exemption was dismissed by the Bergen County Board of Taxation.

It is immediately apparent that petitioner must establish two facts in order to bring the building in question within the purview of the act. The land whereon it is situated must be shown to constitute a cemetery. The building must clearly appear to constitute a "building for cemetery use." The respondent contends that neither fact is established. It urges that to the extent that it is permitted to be used as living quarters, in partial compensation to the superintendent for his services, it cannot be property regarded as a building for cemetery use, by mere reason of its also serving as a cemetery office. *Cf. The Ewing Cemetery Association, Inc.,* v. *Ewing Township (State Board,* 1940), 18 *N. J. Mis. R.* 558; 15 *Atl. Rep.* (2d) 195; *affirmed (Supreme Court,* 1941), 126 *N. J. L.* 610; 20 *Atl. Rep.* (2d) 607. We need not determine this question, as it is clear that the exemption claimant has failed to establish the first above stated requisite, *i. e.,* that the land east of the highway, whereon this building is situate, is a cemetery.

As noted, no burials have ever taken place upon this tract, nor does it appear that the parcel is in reasonable contemplation therefor, or needed to serve petitioner's future interment needs. It is not shown that municipal consent for such use has ever been obtained or even applied for. Taxes have always been paid on the land. See *City of Clifton* v. *East Ridgelawn Cemetery Association (State Board,* 1939), *New Jersey Tax Reports,* 1934-1939, *p.* 725; *Borough of Leonia* v. *Church of the Madonna (State Board,* 1939), *Id.* 779. In view of the foregoing, we are not impressed with the circumstance that petitioner had this parcel mapped for hypothetical cemetery plots in 1934. That plotting appears to have been motivated by questions of valuation attendant upon the cutting of the highway through the property, rather than by any *bona fide* intention to undertake the use of the property for cemetery purposes. The land is not a cemetery, under *West Ridgelawn Cemetery* v. *Clifton (Court of Errors and Appeals,* 1932), 109 *N. J. L.* 146; 160 *Atl. Rep.* 534, and cases cited therein. Therefore, the building does not qualify for exemption under the statute. Its use in connection with Valleau Cemetery is immaterial, since it is not erected thereon.

The assessment is affirmed.